of $40 as will provide for her necessary and proper clothing—in the case of sickness the said executors to use their discretion in furnishing such a part of such trust fund as will be necessary for her proper care and comfort in her station of life—and that such sum, so furnished, be a charge against the principal and interest of said trust fund each year.

Decreed accordingly.

(51 Misc. Rep. 455.)

## In re McEWAN'S ESTATE.

(Surrogate's Court, New York County. September, 1906.)

1. TAXATION—TRANSFER TAX—DUTY OF EXECUTOR.

    It is the duty of an executor to marshal the assets of the estate in favor of the legatee, and not so as to increase the transfer tax in favor of the state.

2. SAME—PROPERTY SUBJECT.

    A decedent who resided in New Jersey left assets in that state and in New York. *Held*, that the executor had the right to apply the assets in New York to legacies which were not taxable under the laws of New York, or were taxable at 1 per cent., and to pay legacies taxable at a higher rate from the assets in New Jersey.

Appeal from the Report of an Appraiser.

In the matter of the estate of Mary J. McEwan, deceased. From the report of an appraiser assessing the transfer tax, the executor appeals. Reversed.

Joseph McCloy, for executor.
Edward H. Fallows, for State Comptroller.

THOMAS, S. The decedent was a resident of the state of New Jersey. She left personal property in this state consisting of money on deposit in savings banks amounting to $1,943.98, and personal property in New Jersey amounting to about $2,500. By her will she bequeathed $500 each to an aunt and a cousin, and gave the remainder of her property to four brothers in equal shares. The appraiser, in his report, deducted from the value of the New York personalty a pro rata share of the debts and a pro rata share of the legacies to the aunt and cousin, in the proportion that the property in the state of New York bore to the whole personal estate, and an order fixing a tax at 5 per cent. on the balance of the $500 legacies was made on July 11, 1906.

The theory of the appraiser was that, no election having been made by the executor as to the fund from which these $500 legacies should be paid, it was proper to treat the New York personalty as being chargeable with a pro rata amount of those taxable legacies in the proportion that the property in this state bore to the whole personal estate. The executor appeals, and on his appeal the State Comptroller asks that the report be remitted to the appraiser, and that the executor be required to appear and testify as to the facts set out in the affidavit of the executor presented on the appeal. This affidavit, in substance, asserts that the taxable legacies have been paid out of New Jersey assets, and that the entire New York assets will be distributed among people of the 1 per cent. class, who are not taxable at all, because the New York

assets are less than $10,000 in amount.  Cases may easily arise where
this relief might be proper, but in this particular estate the facts are so
simple and so sharply defined by the report of the appraiser, by both
sides conceded to be in all respects true, that I do not think the parties
should be required to have another hearing before the appraiser.   It
was the legal right of the executor to elect to pay the taxable legacies
out of New Jersey assets, and to distribute the New York assets to
persons who under our law are exempt from any tax whatever.   It
was his plain duty to exercise this right in the interests of the parties
claiming under the will as legatees, and he owed no duty to the state
of New York to do anything different.   He had this right of election
until he had actually appropriated the New York assets to the payment
of debts and legacies.   There was no warrant of law to justify the ap-
praiser in assuming that the taxable legacies would be paid pro rata out
of both funds.   The natural inference was that the assets would be mar-
shaled in such a way as to require the smallest payment of tax, and,
if the intent of the executor was material to produce a different result,
the burden of proving the fact rested upon the state, and the executor
should have been questioned upon the subject by the appraiser before
the report was made.   The executor now says that he marshaled the
assets just as his duty to the beneficiaries under the will required him to
do, and with the result that no asset in the state of New York passed
by the will of the testatrix to any person in an amount large enough
to be subject to any tax as against that person.

The order imposing the tax must be reversed, and the New York
assets declared to be exempt from tax.